**8-4-015  Gang loitering.**

(a)   Whenever a police officer observes a member of a criminal street gang engaged in gang loitering with one or more other persons in any public place designated for the enforcement of this section under subsection (b), the police officer shall, subject to all applicable procedures promulgated by the superintendent of police: (i) inform all such persons that they are engaged in gang loitering within an area in which loitering by groups containing criminal street gang members is prohibited; (ii) order all such persons to disperse and remove themselves from within sight and hearing of the place at which the order was issued; and (iii) inform those persons that they will be subject to arrest if they fail to obey the order promptly or engage in further gang loitering within sight or hearing of the place at which the order was issued during the next eight hours.

(b)   The superintendent of police shall by written directive designate areas of the city in which the superintendent has determined that enforcement of this section is necessary because gang loitering has enabled criminal street gangs to establish control over identifiable areas, to intimidate others from entering those areas, or to conceal illegal activities. Prior to making a determination under this subsection, the superintendent shall consult as he or she deems appropriate with persons who are knowledgeable about the effects of gang activity in areas in which the ordinance may be enforced. Such persons may include, but need not be limited to, members of the department of police with special training or experience related to criminal street gangs; other personnel of that department with particular knowledge of gang activities in the proposed designated area; elected and appointed officials of the area; community-based organizations; and participants in the Chicago Alternative Policing Strategy who are familiar with the area. The superintendent shall develop and implement procedures for the periodic review and update of designations made under this subsection.

(c)   The superintendent shall by written directive promulgate procedures to prevent the enforcement of this section against persons who are engaged in collective advocacy activities that are protected by the Constitution of the United States or the State of Illinois.

(d)   As used in this section:

(1)   *Gang loitering* means remaining in any one place under circumstances that would warrant a reasonable person to believe that the purpose or effect of that behavior is to enable a criminal street gang to establish control over identifiable areas, to intimidate others from entering those areas, or to conceal illegal activities.

(2)   *Criminal street gang* means any ongoing organization, association in fact or group of three or more persons, whether formal or informal, having as one of its substantial activities the commission of one or more of the criminal acts enumerated in paragraph (3), and whose members individually or collectively engage in or have engaged in a pattern of criminal gang activity.

(3)   *Criminal gang activity* means the commission, attempted commission or solicitation of the following offenses, provided that the offenses are committed by two or more persons, or by an individual at the direction of, or in association with, any criminal street gang, with the specific intent to promote, further or assist in any criminal conduct by gang members:

the following sections of the Criminal Code of 1961: 9-1 (murder), 9-3.3 (drug-induced homicide), 10-1 (kidnapping), 10-4 (forcible detention), subsection (a)(13) of Section 12-2 (aggravated assault - discharging firearm), 12-4 (aggravated battery), 12-4.1 (heinous battery), 12-4.2 (aggravated battery with a firearm), 12-4.3 (aggravated battery of a child), 12-4.6 (aggravated battery of a senior citizen), 12-6 (intimidation), 12-6.1 (compelling organization membership of persons), 12-11 (home invasion), 12-14 (aggravated criminal sexual assault), 18-1 (robbery), 18-2 (armed robbery), 19-1 (burglary), 19-3 (residential burglary), 19-5 (criminal fortification of a residence or building), 20-1 (arson), 20-1.1 (aggravated arson), 20-2 (possession of explosives or explosive or incendiary devices), subsections (a)(6), (a)(7), (a)(9) or (a)(12) of Section 24-1 (unlawful use of weapons), 24-1.1 (unlawful use or possession of weapons by felons or persons in the custody of the department of corrections facilities), 24-1.2 (aggravated discharge of a firearm), subsection (d) of Section 25-1 (mob action - violence), 33-1 (bribery), 33A-2 (armed violence), Sections 5, 5.1, 7 or 9 of the Cannabis Control Act where the offense is a felony (manufacture or delivery of cannabis, cannabis trafficking, calculated criminal cannabis conspiracy and related offenses), or Sections 401, 401.1, 405, 406.1, 407 or 407.1 of the Illinois Controlled Substances Act (illegal manufacture or delivery of a controlled substance, controlled substance trafficking, calculated criminal drug conspiracy and related offenses).

(4)   *Pattern of criminal gang activity* means two or more acts of criminal gang activity of which at least two such acts were committed within five years of each other.

(5)   *Public place* means the public way and any other location open to the public, whether publicly or privately owned.

(e)   Any person who fails to obey promptly an order issued under subsection (a), or who engages in further gang loitering within sight or hearing of the place at which such an order was issued during the eight-hour period following the time the order was issued, is subject to a fine of not less than $100.00 and not more than $500.00 for each offense, or imprisonment for not more than six months for each offense, or both. A second or subsequent offense shall be punishable by a mandatory minimum sentence of not less than five

days imprisonment.

In addition to or instead of the above penalties, any person who violates this section may be required to perform up to 120 hours of community service pursuant to Section 1-4-120 of this Code.

(f)   Upon a third or subsequent conviction for a violation of subsection (e) of this section or subsection (d) of Section 8-4-017, or any combination thereof, within any 12-month period, a court, in addition to imposing the penalties prescribed in that subsection, shall enter an order requiring the convicted person to refrain, for a mandatory period of 30 days, from gang loitering, or narcotics-related loitering as defined in Section 8-4-017, within sight and hearing of the place of the police officer's order issued under subsection (a) which served as the basis for the person's most recent conviction, unless circumstances strongly mandate that such period should be shorter. Such an order must be obeyed regardless of whether any additional warning or notice is given to the person. Any person who violates an order issued by a court under this subsection (f) shall be subject to a mandatory minimum sentence of not less than five days imprisonment but not more than six months imprisonment, plus a fine of not less than $100.00 and not more than $500.00, for each violation. In addition to or instead of the penalties prescribed in this subsection (f), any person who violates an order issued by a court under this subsection (f) may be required to perform up to 120 hours of community service pursuant to Section 1-4-120 of this Code.

(Added Coun. J. 6-17-92 p. 18292; Amend Coun. J. 2-16-00, p. 25705, § 1; Amend Coun. J. 7-26-06, p. 81865, § 1)

**Editor's note -** Prior to amendment by Coun. J. 2-16-00, p. 25705, § 1, this section pertained to gang-related congregations.