UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARNELL SMITH, et al., | ) |
|        Plaintiffs, | ) |
| | ) Case No.: 1:15-cv-03467 |
| v. | ) |
| | ) Honorable Andrea R. Wood |
| THE CITY OF CHICAGO, et al., | ) Magistrate Heather K. McShain |
| | ) |
|        Defendants. | ) |

**PLAINTIFFS' RULE 72(a) OBJECTION TO THE ORDER REQUIRING THEM TO PROVIDE NON-ECONOMIC DAMAGES FIGURE NOW OR RISK PRECLUSION AT TRIAL**

Plaintiffs, individually and on behalf of a class of all others similarly situated, by and through their attorneys, Romanucci & Blandin, LLC, Hart McLaughlin & Eldridge, LLC, The Gregory Law Firm, and The Center for Constitutional Litigation, and pursuant to Federal Rule of Civil Procedure 72(a), state as follows in support of their Objection to Magistrate Judge's November 4, 2020 Order (Doc. 500):

**INTRODUCTION**

This lawsuit involves numerous victims of unconstitutional stops performed by the City of Chicago. Plaintiffs filed a class certification motion pursuant to Rule 23(b)(2) and (b)(3) (Doc. 425), which is pending before the Court.

The individual named Plaintiffs, victims of the CPD's unlawful stops, have answered written discovery, sat for depositions and disclosed an itemization of their damages, including mental and emotional distress, pain and suffering, violation of constitutional rights, loss of liberty and humiliation and indignity of being subjected to stop in public. The parties have not yet undertaken injunctive discovery for their

*Monell* claims. (Doc. 409.) Obviously then, the parties are not at the expert discovery stage.[1] Despite this, the City sought to compel Plaintiffs to commit to a precise and fixed figure for non-economic damages *now* or be precluded from doing so at trial in the future. (Doc. 485, p. 6.)

On November 4, 2020, after reviewing the parties' briefing (Docs. 485, 492, 493), Magistrate Judge McShain held that the Court will "not require Plaintiffs to provide such a computation." (Doc. 500, p. 8.) However, "if Plaintiffs choose not to provide this information within 7 days of this Order," the Court stated, "Defendants may raise this issue with the District Court and seek to preclude Plaintiffs from suggesting a specific amount to the jury for non-economic damages should this case proceed to trial." (*Id.*) Plaintiffs object to this specific portion of the Order because there is no binding or controlling authority that justifies requiring a party to provide a fixed figure for non-economic damages *now*—prior to the completion of merits or expert discovery—or face potential preclusion from offering a figure to the jury.

## **LEGAL STANDARD**

"Federal Rules of Civil Procedure 72(a) governs the district court's review of nondispositive magistrate judge decisions." *Rodriguez v. City of Chicago*, 429 F.Supp.3d 537, 540 (N.D. Ill. 2019). For any non-dispositive matter on which the magistrate judge issued an order, "[t]he district judge in the case must consider

---

[1] As detailed in the Parties' Joint Status Report for November 13, 2020 (Doc. 503), Plaintiffs submit that it is not appropriate to engage in merits expert discovery when Plaintiffs are first entitled to discovery on their *Monell* claims and the parties await a ruling on Plaintiffs' Motion for Rule 23(b)(2) Class Certification and Renewed Motion for Rule 23(b)(2) Class Certification.

timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "Courts have consistently found routine discovery motions, such as motions to compel, to be 'non-dispositive' within the meaning of Rule 72(a)." *SmithKline Beecham Corp. v. Apotex Corp.*, No. 98 C 3952, 2000 WL 1310669, at *2 (N.D. Ill. Sept. 13, 2000) (granting objections in part). "[B]oth the basic statutory provision as to the effect of Magistrate Judges' rulings (28 U.S.C. § 636(b)(1)(A)) and Rule 72(a) provide that the District Judge handling the case may reach a different result where the Magistrate Judge's order is 'contrary to law.'" *Phillips v. Raymond Corp.*, 213 F.R.D. 521, 525 (N.D. Ill. 2003) (holding that the limitations imposed by the Magistrate Judge on the plaintiff's permitted discovery were overly restrictive as a matter of law).

## ARGUMENT

There is no binding or controlling law that requires a party in this jurisdiction to provide a fixed figure for non-economic damages. *See Beezley v. Fenix Parts, Inc.*, 328 F.R.D. 198, 204 n.2 (N.D. Ill. 2018) ("In short, district courts in the Northern District of Illinois are obligated to follow applicable holdings of the Supreme Court or the Seventh Circuit. They are not obligated to follow decisions of other district judges from this or any other district."). The City did not and could not provide any holdings from the Supreme Court or Seventh Circuit that required Plaintiff to provide a specific dollar figure for its non-economic damages. (*See generally* Docs. 485 and 492.) Importantly, Magistrate Judge McShain highlighted that the case cited by the City for the proposition that "[o]ther courts in the Northern District have compelled

3

plaintiffs to provide a complete computation of damages," *Sauer v. Exelon Generation Co.*, No. 10 C 3258, 2011 WL 3584780, at *9–10 (N.D. Ill Aug. 15, 2011), did *not* relate to "the type of damages Plaintiffs seek in this case." (Doc. 500. p. 6.) Given the lack of binding or controlling authority and "the difficulty of quantifying non-economic damages," Magistrate Judge McShain correctly held that the Court "will not require Plaintiffs to provide such a computation." (*Id.*)

Likewise, there is no binding or controlling law that precludes a party in this jurisdiction from offering a figure for non-economic damages at trial if it declines to disclose the figure prior to the close of fact discovery, the initiation of expert discovery, or trial. Accordingly, Plaintiffs should not be required to make that disclosure or risk preclusion. Yet, Magistrate Judge McShain ruled that "should Plaintiffs decline to disclose a figure for non-economic damages to Defendants, they risk preclusion from doing so later." (*Id.*) Moreover, the Order imposed a seven-day deadline to provide this information or risk Defendants "rais[ing] this issue with the District Court and seek[ing] to preclude Plaintiffs from suggesting a specific amount to the jury for non-economic damages should this case proceed to trial," which Defendants will certainly do. (Doc. 500, p. 7.) The Magistrate did not rely upon any binding or controlling law in establishing this requirement, and there is none.

The Magistrate cited three cases from Colorado, Florida and Minnesota, respectively. (Doc. 500, pp. 6–7.) None of these cases are the law in this jurisdiction. The cases are also distinguishable. The first case, *Olson v. Owners Insurance Co.*, 18-cv-1665, 2019 WL 2502201, at * 11 (D. Colo. June 17, 2019), involved a scenario where

4

the plaintiff expressly suggested that "unless the court compels a calculation of his non-economic and impairment damages, he does not intend to call an expert witness to testify to the quantity of such damages." Here, Plaintiffs' explicitly pointed out in their Response that "the parties are not at trial; Plaintiffs' class certification motion is pending and expert discovery has not begun . . . Plaintiffs have the right to decide at a later date and time if they will suggest a specific amount as to the non-economic damages to the jury."[2] (Doc. 492, p. 8.) The second case, *Sandoval v. American Building Maintenance Industries, Inc.*, 267 F.R.D. 257, 283 (D. Minn. 2007), had a procedural history and timeline that is entirely different from this case. Specifically, the defendant moved to compel the disclosure of a specific amount for emotional distress damages *after* the deadline passed for the "disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) accompanied by the written report prepared and signed by the expert witness." (*See* Ex. A, *Sandoval* Docs. 78 and 162.) The court's ruling in third case, *De Varona v. Discount Auto Parts, LLC*, No. 12-20714-CIV., 2012 WL 2334703, at *2 (S.D. Fla. June 19, 2012), did not require a specific dollar amount, but rather said that "Plaintiff may amend its disclosure to include a computation for non-economic damages at this stage, and leave open the ability to request a specific amount from the jury within the *range disclosed.*" *Id.* at *3 n.2 (emphasis added).

---

[2] If the Court is inclined to require Plaintiffs to provide Defendants with a non-economic damages figure prior to trial in order to be able to suggest a specific amount to the jury, then Plaintiffs respectfully suggest that a more appropriate time for this disclosure is after the close of expert discovery.

In sum, there is no binding legal precedent that requires Plaintiffs to provide a fixed figure of non-economic damages in order to be able to suggest a specific amount to the jury. In the three instances where a foreign court has required such a computation, the rulings arose in scenarios either where a party reflected an intention to *not* engage a damage expert, the expert disclosure deadline had passed, or the court permitted the party to submit a range for non-economic damages. None of these scenarios apply to the Magistrate's ruling mandating that Plaintiffs' disclose a non-economic damages figure in seven days—prior to any expert discovery—or risk preclusion from suggesting a specific amount to the jury.

## **CONCLUSION**

For the reasons stated above, Plaintiffs object to the portion of Magistrate Judge McShain's November 4, 2020 Order requiring Plaintiffs to submit a non-economic damages figure now or risk preclusion at trial from suggesting a specific amount to the jury. Plaintiffs respectfully request that this Court modify the Order such that Plaintiffs are not obligated to provide a non-economic damages figure or risk preclusion at trial from suggesting a specific amount to the jury. In the alternative, Plaintiffs respectfully request that this Court modify this Order such that Plaintiffs are not obligated until the completion of expert discovery to provide a non-economic damages figure or risk preclusion at trial from suggesting a specific amount to the jury. Plaintiffs respectfully request any other relief this Court deems just.

Dated: November 13, 2020            Respectfully submitted,

By: /s/ *Steven A. Hart*
One of the Attorneys for Plaintiffs
and the Class

**HART MCLAUGHLIN & ELDRIDGE, LLC**
Steven A. Hart
Brian Eldridge
Kyle Pozan
John (Jack) B. Prior
22 W. Washington Street, Suite 1600
Chicago, Illinois 60601
Tel:    (312) 955-0545
shart@hmelegal.com
beldridge@hmelegal.com
kpozan@hmelegal.com
jprior@hmelegal.com

**ROMANUCCI & BLANDIN, LLC**
Antonio M. Romanucci
Martin D. Gould
Nicolette A. Ward
321 N. Clark Street, Suite 900
Chicago, Illinois 60654
Tel:    (312) 458-1000
aromanucci@rblaw.net
mgould@rblaw.net
nward@rblaw.net

**CENTER FOR CONSTITUTIONAL LITIGATION**
Robert S. Peck
777 6th Street NW, Suite 520
Washington, D.C. 20001
Tel:    (202) 944-2874
robert.peck@cclfirm.com

**THE GREGORY LAW FIRM**
Rodney G. Gregory
3127 Atlantic Boulevard, Suite 3
Jacksonville, Florida 32207
Tel:    (904) 398-0012
rod@gregorylawfirm.net

**CERTIFICATE OF SERVICE**

    I, Steven A. Hart, depose and state that I have served a copy of Plaintiffs' Rule 72(a) Objection to the Order Requiring them to Provide a Non-Economic Damages Figure Now or Risk Preclusion at Trial upon all counsel of record via the United States District Court for the Northern District of Illinois CM/ECF Document Filing System on November 13, 2020.

                                        By: /s/ *Steven A. Hart*

[x]  As provided by law pursuant to Rule 5(b) of Fed. Rules of Civil Procedure, I certify that the statements set forth herein are true and correct.